IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JON UHLER,

    Petitioner,

v.                                          CASE NO. 1:12-cv-272-MP-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, proceeding *pro se*, initiated this case by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The Petition stems from Petitioner's 2008 convictions and life sentence for three lewd and lascivious conduct charges in Alachua County Circuit Court Case No. 2005-CF-005332. Respondents filed a response to the Petition and Petitioner filed a reply. ECF Nos. 11, 13.

In the course of reviewing Petitioner's claims and the underlying state court proceedings for proposed recommendation, it came to the Court's attention that subsequent to the instant Petition, Response, and Reply, Petitioner was pursuing additional state remedies and ultimately prevailed on a motion to correct illegal sentence and a motion pursuant to Fla. R.

Crim. P. 3.850.  *See Uhler v. State*, 176 So.3d 1022 (Fla. First DCA Oct. 22, 2015).  The First DCA's *per curiam* opinion states:

> The appellant appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the summary denial of grounds one and three without discussion. In ground two, the appellant alleges that he was resentenced pursuant to his motion to correct illegal sentence without being present and represented by counsel.  Because the trial court had discretion during the resentencing hearing, the appellant was entitled to be present and represented by counsel. *See Jordan v. State*, 143 So.3d 335, 339–40 (Fla. 2014).  We reverse the denial of ground two and remand for resentencing in accordance with this opinion.

*Id*.  The Court takes judicial notice of the online docket in Petitioner's underlying criminal case, which reflects that the case has been reopened and that a hearing has been set before the trial court on December 11, 2015.  *See* Alachua County Circuit Court Case No. 2005-CF-005332.

No state court proceedings subsequent to the filing of the Petition were brought to this Court's attention by way of the filing of a Supplemental Appendix.  Based upon the First DCA opinion and the Court's review of the reopened Alachua County Circuit Court docket, it appears that Petitioner's state court proceedings are ongoing and that his pending federal habeas petition challenges a judgment that has since been superseded.  While grounds one through four and six of the petition arise out of Petitioner's

pretrial proceedings and plea, ground five alleges that his counsel rendered ineffective assistance during his sentencing, a claim which may be affected by the subsequent resentencing proceedings.

When a petitioner prevails on a motion to correct an illegal sentence, "[a] judgment setting out the corrected sentence is a new judgment." *Mundy v. Secretary*, Case No. 5:11-cv-71-RH-GRJ, Doc. 19 (April 18, 2012) (concluding that federal habeas petition was not due to be dismissed as second or successive because Petitioner's sentence had been amended for award of jail credit after first federal petition was dismissed as untimely, and subsequent petition was the first petition challenging the amended judgment) (citing *Magwood v. Patterson*, 130 S. Ct. 2788 (2010); *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1292-93 (11th Cir. 2007); *Campbell v. Sec'y, Dep't of Corr.*, 447 F. App'x 25 (11th Cir. 2011) (unpublished)).[1]

In *Ferreira*, the Eleventh Circuit concluded that "AEDPA's statute of limitations begins to run from the date both the conviction and the sentence the petitioner is serving at the time he files his application become final because judgment is based on both the conviction and the sentence."

---

[1] Although unpublished opinions are not binding on this Court, they are persuasive authority. 11th Cir. R. 36-2.

*Ferreira*, 494 F.3d at 1293 (emphasis in original) (citing *Burton v. Stewart*, 549 U.S. 147 (2007)). "The judgment to which [section 2254(a) ] refers is the *underlying conviction and most recent sentence* that authorizes the petitioner's current detention." *Id*. at 1292. (emphasis added). Ferreira thus makes clear that "judgment" for purposes of federal habeas corpus means Petitioner's underlying conviction and his "most recent" sentence. *Ferreira*, 494 F.3d at 1292.

Under these circumstances, for federal habeas purposes the judgment and Petitioner's current amended sentence are not final. Petitioner is awaiting a second resentencing following the First DCA's remand, and that proceeding could be subject to further appeal and collateral proceedings. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings where a state court conviction and sentence are not yet final. *See Younger v. Harris*, 401 U.S. 37 (1971) (holding that federal courts are required to abstain from interfering with pending state proceedings except under certain limited exceptions.).

In light of the procedural posture of Petitioner's underlying criminal case, the Court ordered the parties to show cause on or before December

22, 2015, as to why this case should not be dismissed without prejudice to Petitioner's refiling after his amended judgment is final and he has exhausted any additional state court remedies.  Petitioner has not responded to the show cause order, and therefore the Court concludes that Petitioner has not shown cause as to why this case should not be dismissed without prejudice.  The Respondent filed a response stating that she cannot show cause as to why this case should not be dismissed without prejudice.

Accordingly, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254,  ECF No. 1, should be **DISMISSED without prejudice.**

**IN CHAMBERS** this 28th day of December 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.